UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

-------------------------------------------------------------------X

UMAR PARACHA,

                                   Plaintiff,      Case No. 14 C 524

v.

CITY OF WISCONSIN DELLS, a municipal corporation,
ERIC HELLAND, Mayor of the City of Wisconsin Dells,
Individually and in his official capacity, BRET ANDERSON,
Individually, MICHAEL HORKAN, Individually, and
BRIAN LANDERS, Individually,

                                                            Defendants.

-------------------------------------------------------------------X

## VERIFIED COMPLAINT FOR DAMAGES

The Plaintiff, Umar Paracha, *pro se*, seeks a money judgment against Defendants for compensatory and punitive damages on the basis of racial discrimination pursuant to 42 USC § 1981.

### NATURE OF THE ACTION

1.      The Plaintiff Umar Paracha ("Paracha") was the Managing Member of Dells Island Resort LLC, which owned a hotel resort ("the Resort"), in the City of Wisconsin Dells from May 18, 2008, until the Defendants forced the Resort to close on August 30, 2010. Once the Defendants discovered the owner of the Resort to be Paracha, who is a dark skinned individual of a different race, born and raised in Pakistan, their treatment of the Plaintiff and the Resort's employees changed, in that it became harassing, hostile and different than the treatment of the Resort received when Defendants thought it was owned by someone of their own race, and different than the treatment of those who owned resorts that were of the same race in Wisconsin Dells. Defendants' treatment of Plaintiff was racially discriminatory.

2. Section 1981A(a)(1) provides that a complaining party may recover compensatory and punitive damages against a defendant who has engaged in unlawful intentional discrimination on the basis of race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., unless that complaining party can recover under 42 U.S.C. § 1981. Only race discrimination claims can be brought under § 1981, which has a four-year statute of limitation period. *Id.*

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), 2202, 42 U.S.C. § 1981, and the Fourteenth Amendment of the U.S. Constitution. Venue is based on where the discrimination occurred and where Plaintiff' business was located: Wisconsin Dells, Wisconsin.

## THE PARTIES

4. Plaintiff UMAR PARACHA was the managing member of Dells Island Resort LLC, which was a Wisconsin Limited Liability Company, with its principal place of business in Wisconsin Dells, Wisconsin.

5. Defendant CITY OF WISCONSIN DELLS, is a municipal corporation for the city Wisconsin Dells, Wisconsin.

6. Defendant ERIC HELLAND, is the Mayor of the City of Wisconsin Dells, Wisconsin.

7. Defendant BRET ANDERSON, is the Chief of Police for the city Wisconsin Dells, Wisconsin.

2

8.  Defendant BRIAN LANDERS, is a Police Officer for the city Wisconsin Dells, Wisconsin.

9.  Defendant MICHAEL HORKAN, is an individual who is the Director of Public Works for the city Wisconsin Dells, Wisconsin.

## STATEMENT OF FACTS

10. Plaintiff Umar Paracha's ("Paracha") business, Dells Island Resort LLC, which owned a hotel resort ("the Resort"), was forced to close its doors on August 30, 2010, *after* continued harassment, hostility and discriminatory treatment by the Defendants.

11. The Defendants sought to close Plaintiff's business down ever since they discovered that he was a dark skinned individual of a different race from Pakistan, in the summer of 2009.

12. From 2008 to 2009, Paracha had hired two white individuals of the same race as the Defendants to manage and operate the Resort. During this period the Defendants did not treat these individuals with hostility or any differently than they treated people of the same race who owned other Resorts or hotels in Wisconsin Dells.

13. However, in the summer of 2009, after these two individuals, who were operating Plaintiff's Resort, failed to pay the utilities and were discovered to be embezzling money from the Resort, Paracha fired them and took over operations until he was able to get someone to run the Resort.

14. **Exhibit M** is a July 1, 2009, newspaper article showing Plaintiff Paracha reopening the Resort after the two white individuals were fired for failing to pay utilities and embezzling. Notice the article identities the Plaintiff "Paracha," who is of a different

race. As soon as Paracha took over, and Defendants discovered his race, they commenced the disparate treatment. (The Resort was previously called "Antiqua Bay.")

15.  **Exhibit N** is a newspaper article showing the two individuals who previously managed and operated the Resort for Paracha and it reveals their race as white.

16.  When Paracha took over the management and operation of the Resort and Defendants discovered his race, in the summer of 2009, the Defendants started to treat Paracha, the Resort and the Resort's employees differently. The Defendants' different treatment constituted harassment, hostility and making false claims in an effort to shut the Resort down.

17.  In June, 2009, the Defendants called the Resort's liquor suppliers telling them that they might not renew the liquor license because of failure to pay. However, this was a false claim and even if it use true, the renewal was in July, 2009. **Exhibit P** is a June 6, 2009, showing Defendants making this false claim prior to when the liquor license was to be renewed in July, 2009.

18.  The Defendants repeated this same conduct at the start of the summer of 2010 because that is when the business season starts in Wisconsin Dells and it is the most effective time to harm Plaintiff's business.

19.  Defendant Eric Helland threatened Plaintiff Paracha to sell the liquor license, to someone that Defendant Helland picked, for seventy thousand dollars ($70,000.00). However, the license was worth two hundred thousand dollars ($200,000.00).

20.  On July 16, 2010, without any basis, the Defendants commenced a police investigation against Plaintiff in an effort to shut down the Resort.

21. The Defendants threatened to revoke Plaintiff's liquor license for not paying utilities and taxes; they demanded $286,000.00, from Plaintiff. However, this was a false amount the true amount was $126,000.00, which they eventually admitted to and accepted. See **Exhibit K**, a July 26, 2010, letter from Defendants showing the correct amount that was owed, and **Exhibit L** is a copy of checking paying $126,514.23 for utilities and taxes.

22. From July to August 30, 2010, police officers, including Defendant Landers, would regularly come to the Resort and, without any authority or legal basis, tell the employees that the Resort will be shutdown and no liquor sale will be allowed at the bar.

23. On August 16, 2010, the city Public Works Director, Defendant Michael Horkan, claimed that the Resort had been stealing electricity since October and that the City might be out more than $100,000.

24. In a police report, Horkan's employee Steve Dorko claimed that during a "random" inspection he discovered that the electric meter had been removed from its box. Horkan claimed that this was being done almost daily for multiple hours every day. Yet, the Chief of Police, Defendant Anderson, did not filed any charges.

25. On August 21, 2010, Lt. Brian Landers and his wife claim to have found that the Resort had removed its electrical meter from its utility box. However, **Exhibit S** shows that the prior three years of electric bills are comparable or similar with the amounts the Resort was paying in the summer of 2010, when it was shutdown.

26. **Exhibit O** is an August 13, 2010, police report written by Defendant Landers concerning the fake claim of electricity theft by Plaintiff.

27.     The Defendant City of Wisconsin Dells owns the company that supplies electricity. **Exhibit Q** shows the electric bills being paid when the Defendants shutdown the Resort in August of 2010.

28.     **Exhibit R** shows the Disconnection Notice that shows false amounts as compared with the actual bill, **Exhibit Q**.

29.     On August 24, 2010, police officers posted a "No Liquor Sale" notice and that the "Bar Closed by Police."

30.     The Defendants informed the Resort staff that they intend to bring criminal charges against Paracha and have him arrested.

31.     **Exhibit G** is an August 25, 2010 Resort inspection form that was ordered by the Defendants and conducted by the State. This was a discriminatory act intended to shut down the Resort, however, the inspection showed the Resort to be in good condition.

32.     On August 30, 2010, the Defendants forced the Resort to shutdown due to all of their discriminatory actions.

33.     The following is some of the evidence of the discriminatory treatment by the Defendants, which will be presented at trial as direct or rebuttal evidence:

34.     **Exhibit A** is an August 26, 2010, handwritten statement by the Resort's maintains engineer Kenneth Hutchison:

> On the first contact with officer Landers regarding the electric meter being removed. He stated to me if I told him that I was told to remove the meter under the threat of termination, he would not prosecute me. I wouldn't and couldn't because I had no knowledge of any tampering being done to the meter.

35.     **Exhibit B** is an August 30, 2010, handwritten statement by a Resort employee who was pressured to quit his job:

6

> I, Manish Patel, I find different job. So I quit this job and also lots of harassment of city, I works as a housekeeper head lots of pressure for other departments that is why I quit job.

36. **Exhibit C** is an August 30, 2010, statement by the Resort's general manger concerning the discriminatory treatment by Defendants and their efforts to shutdown the Resort.

37. **Exhibit D** is an August 31, 2010, handwritten statement by another employee who was forced to quit as a consequence of the discriminatory treatment by Defendants and their efforts to shutdown the hotel.

38. **Exhibit E** is a note left by Defendants' agent, Officer Cournajer #95, asking the Resort's front desk attendant for the payroll list.

39. **Exhibit I** was in July 14, 2010 news article showing the Defendants intent to shut down the Resort.

31. **Exhibit J** is a June 22, 2010, letter from Defendants making a false claim of what Plaintiff owes the City for Utilities and Tax and threatening to withhold Plaintiff's liquor license if it is not paid.

40. **Exhibit F** is a notice signed by Defendant Michael Horkan that on August 16, 2010, the electricity will be shut down on the Resort, and **Exhibit F1** is the <u>Disconnect Notice.</u>

41. **Exhibit H** is an August 24, 2010 notice by Defendant Anderson stopping a sale of liquor at the Resort.

42. **Exhibit T** is an August 21, 2010, article showing Plaintiff Paracha accusing the Defendants of the wrongful conducted alleged herein.

7

43.     **Exhibit U** is a September 30, 2010, letter to Plaintiff's bank, holding a mortgage on the Resort's property, where they discredited and defamed the Plaintiff in an effort to get the bank to foreclose on Plaintiff's property.

## DAMAGES

44.     Plaintiff was injured, in that, Defendant's actions caused Plaintiff to lose his Resort hotel purchased for seven million dollars ($7,000,000.00), as well as the cost for repairs and renovation, which includes labor and material: $2,000,000.00

45.     The annual revenue of the Resort prior to the purchase was $5,000,000.00 and the profit from the Resort was approximately $1,000,000.00 per years; thus, Plaintiff lost at least four years of such profits since August 2010, or four million dollars ($4,000,000.00).

46.     Total compensatory damage Plaintiff seeks is $13,000,000.00

47.     Total punitive damage Plaintiff seeks is $25,000,000.00, which is amount that will deter Defendants and others similarly situated from repeating such conduct.

## CAUSE OF ACTION
## 42 U.S.C § 1981

48.     Plaintiff repeat paragraphs 1 through 47, as though stated herein.

49.     Plaintiff Paracha is a dark skinned individual of a race other than white: Pakistan.

50.     The Defendants are white individuals of European decent.

51.     After the Defendants discovered that the owner of the Resort was Plaintiff Paracha, and that he was of a dark skinned person of a different race from Pakistan, they started to treat him and the Resort's staff differently, as compared to how they treat white individuals who own resorts or hotels in Wisconsin Dells. Defendants' treatment was harassing, hostile and racially discriminatory as described above.

8

52. Defendant Eric Helland is the Mayor of Defendant City of Wisconsin Dells and is in a decision-making capacity that sets policy for the City of Wisconsin Dells.

53. Plaintiff was financially harmed as described above.

54. **WHEREFORE,** Plaintiff respectfully request the following relief:

   1. a judgment awarding him compensatory damages in the amount of thirteen million dollars ($13,000,000.00), which is what the property costs and what the business would have earned over the following four years of operation, jointly and severally;

   2. a judgment awarding him punitive damages in the amount of twenty five million dollars ($25,000,000.00), which will deter these Defendants, and others similarly situated, from repeating such conduct, jointly and severally;

   3. together with such other or further relief this Court deems just and proper.

Jury Trial is Demanded

Dated: July 23, 2014,

Respectfully submitted,

Umar Paracha,
Plaintiff *pro se*
5910 Ironwood Drive
Crystal Lake, IL. 60014
Tel. (630) 788-6532
Email: paracha7@yahoo.com

<u>Verification Statement</u>

I, Umar Paracha, hereby verify, under the penalties for perjury, that the facts alleged in this Verified Complaint, are true and complete to the best of my knowledge, except as to those matters based on information and belief, and as to those matters I believe them to be true.

Umar Paracha,

Sworn to before me on this 23rd Day of July 2014.

Notary Public

OFFICIAL SEAL
AMIL QUDRAT
Notary Public - State of Illinois
My Commission Expires Aug 12, 2015