IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UMAR PARACHA,

                Plaintiff,

v.

CITY OF WISCONSIN DELLS,
ERIC HELLAND,
BRET ANDERSON,
MICHAEL HORKAN, and
BRIAN LANDERS,

                Defendants.

ORDER

14-cv-524-jdp

---

This order addresses two pending motions.

Plaintiff Umar Paracha has moved for a stay, or in the alternative, for my recusal. Dkt. 29. I will deny this motion.

Defendants have moved for summary judgment, Dkt. 24, which poses two issues. First, Paracha has failed to respond at all to the motion, so I will order Paracha to file his overdue opposition in short order. Second, defendants' motion does not directly address whether Paracha can show an element of his claim under 42 U.S.C. § 1981. Specifically, it is not clear whether Paracha has a contractual relationship under which he claims rights, which appears to be a required element of his claim. I will direct the parties to address this issue in their briefs.

A.  Paracha's motion to stay

Paracha has filed a motion to stay this case until the Seventh Circuit issues a decision in *Trade Well International v. United Central Bank*, No. 15-3353 (7th Cir. filed Oct. 23, 2015), a case that originated in this court. Dkt. 29. The dispute in that case was between Trade Well

International, a company that leased furnishings to a hotel that Paracha owns, and the bank that foreclosed on Paracha's hotel. In this case, Paracha alleges that defendants—government officials for the city of Wisconsin Dells, Wisconsin—discriminated against him on account of his race by hindering his business and by eventually forcing him to shut down the hotel that was at issue in *Trade Well*. *See generally* Dkt. 1.

I will not stay this case while the appeal in *Trade Well* is pending. "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). This court typically considers the following factors when reviewing motions to stay: (1) the stage of the litigation; (2) any undue prejudice or tactical disadvantage that the stay will cause for the non-moving party; (3) the likelihood of simplifying the issues in question and streamlining the trial; and (4) the burden of litigation on the parties and on the court. *Hy Cite Corp. v. Regal Ware, Inc.*, No. 10-cv-168, 2010 WL 2079866, at *1 (W.D. Wis. May 19, 2010) (internal citations and quotation marks omitted). Here, these factors do not weigh in favor of a stay.

This case is well under way. Discovery will close in just over two months and defendants have already filed a dispositive motion. Paracha has not identified a single substantive issue in this case that the Seventh Circuit's decision in *Trade Well* will likely affect. Notwithstanding some overlapping factual background, the two cases are distinct: there are no overlapping parties and the legal claims are entirely different (i.e., replevin and slander of title in *Trade Well*, versus race discrimination in Paracha's case). Moreover, the appeal in *Trade Well* is in its infancy. The appellant has not filed its opening brief, and it will likely be several months before the Seventh Circuit even schedules oral argument. Waiting

until the court of appeals resolves *Trade Well* will cause undue delay in this case, which has a firm trial date of February 29, 2016. For these reasons, a stay is not appropriate.

In the alternative,[1] Paracha suggests that I recuse myself pursuant to 28 U.S.C. §§ 144 and 455 because of my rulings in *Trade Well*. I will not recount the entire factual background of that case, but it involved: (1) a replevin claim against the bank that foreclosed on the hotel that Paracha owned; and (2) a counterclaim against Trade Well for slander of title. The case ended in dismissal of Trade Well's claims for failure to prosecute and with a default judgment in favor of the bank on its counterclaim. In Paracha's motion for recusal in this case, he contends that I "expressed [my] strong belief that the counterclaim was very meritorious, during the September 17, 2015, hearing" in *Trade Well*. Dkt. 29, ¶ 3. Based on my comments during the hearing, and on the fact that I eventually denied Trade Well's motion to set aside the default judgment against it, Paracha asserts that my impartiality might reasonably be questioned in this case.

Section 144 provides a mechanism for parties to seek judicial recusal. Section 144 provides that:

> [w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

---

[1] Paracha does not explain how my recusal is an appropriate alternative to a stay. Presumably, he believes that if Trade Well prevails in the Seventh Circuit, it will require my recusal both in *Trade Well* and in this case. But even if Trade Well prevails, I would not necessarily be required to recuse from hearing that case on remand, nor is it clear that I would have to recuse myself in this case.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Paracha did not file an affidavit with his motion, nor did his counsel certify that the request for my recusal was made in good faith. And even if there were grounds to excuse Paracha's failure to comply with these requirements, his filing was not timely. "A section 144 affidavit is not timely unless filed at the earliest moment after the movant acquires knowledge of the facts demonstrating the basis for such disqualification." *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993) (internal citations and quotation marks omitted). Courts must "strictly construe" these statutory requirements. *Id.* The basis for Paracha's motion for recusal is an oral ruling that I issued in *Trade Well* on September 17, 2015, which I memorialized in a written order one week later. Yet Paracha waited until November 2, 2015, to file his motion for recusal in this case. Paracha has not shown good cause for his delay, and the filing is not timely for purposes of § 144.

Paracha also moves for recusal under § 455, which imposes on judges a duty to recuse themselves when warranted. Paracha contends that two provisions of § 455 are pertinent:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

4

I must evaluate Paracha's motion "from the perspective of a *reasonable* observer who is *informed of all the surrounding facts and circumstances*." *In re Sherwin-Williams Co.*, 607 F.3d 474, 477 (7th Cir. 2010) (per curiam) (original emphasis) (quoting *Cheney v. U.S. Dist. Court for D.C.*, 541 U.S. 913, 924 (2004) (Scalia, J., in chambers)). "Any bias must be proven by compelling evidence, and the issue is whether a reasonable person would be convinced the judge was biased. . . . The bias or prejudice must be grounded in some personal animus or malice that the judge harbors of a kind that a fair-minded person could not entirely set aside when judging certain persons or causes." *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002) (internal citations and quotation marks omitted).

I will deny Paracha's motion for recusal for two reasons. First, Paracha essentially contends that my adverse ruling in *Trade Well* conveys a bias against him. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Besides, Paracha was not a party in *Trade Well*. My ruling in *Trade Well* was unfavorable to the company that leased furnishings to Paracha's hotel, not to Paracha himself. Other than identifying my ruling in a tangentially related case, Paracha has not alleged any facts that would cause a reasonable observer to believe that I harbor personal bias or prejudice toward him or toward his claims in this case.

The second reason that I will deny Paracha's motion is because he has misunderstood my ruling in *Trade Well*. In deciding Trade Well's motion to set aside the default judgment, I had to determine whether Trade Well would have a meritorious defense on the merits. During a hearing in that case, I remarked that the bank's counterclaim appeared to be a "fairly strong one." Nevertheless, I concluded that Trade Well had established a meritorious

5

defense to that counterclaim, as well as a meritorious affirmative claim. I reiterated this conclusion in my written order following the hearing. *See Trade Well Int'l v. United Cent. Bank*, No. 12-cv-701, 2015 WL 5655877, at *3 (W.D. Wis. Sept. 24, 2015). ("Trade Well has adequately articulated meritorious defenses to UCB's counterclaims and meritorious affirmative claims."). No reasonable observer could construe my comment on the bank's counterclaim to convey personal bias or prejudice toward Trade Well, let alone toward Paracha or his claims in this case.

I have a duty to recuse when presented with valid reasons, but I also have a duty to refuse recusal when justification is lacking. *N.Y. City Hous. Dev. Corp. v. Hart*, 796 F.2d 976, 980 (7th Cir. 1986). I will deny Paracha's motion for recusal.

B. **Defendants' motion for summary judgment**

Paracha's brief in opposition to defendants' motion for summary judgment was due on October 16, 2015. The court set this deadline in its preliminary pretrial conference order, Dkt. 17, at 4, reiterated the deadline in a later text order, Dkt. 23, and confirmed the deadline after defendants filed their motion, Dkt. 24. Paracha, who is represented by counsel, did not seek an extension, nor does his motion to stay acknowledge that he has missed the deadline. Defendants therefore contend that I should grant their motion for summary judgment as unopposed. Dkt. 30.

Notwithstanding Paracha's disregard for the deadline, I will afford him an opportunity to respond to defendants' motion. Paracha may have until November 13, 2015, to oppose summary judgment, consistent with the procedures outlined in the preliminary pretrial conference order. Dkt. 17. This is *not* an invitation for Paracha to file his own dispositive motion; he has forfeited that opportunity. Moreover, Paracha should not expect to receive an

6

extension of this new deadline, as it amounts to almost a month of extra time beyond his original deadline. If Paracha fails to substantively respond to defendants' motion for summary judgment, then I will dismiss this case, with prejudice and with costs, for his failure to prosecute it.

One additional issue regarding summary judgment. Paracha's complaint alleges racial discrimination in violation of 42 U.S.C. § 1981. Dkt. 1. Section 1981(a) guarantees to all persons "the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." "Any claim brought under § 1981, therefore, must initially identify an impaired 'contractual relationship,' . . . under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) (internal citations omitted). Paracha's complaint does not specifically identify a "contractual relationship" that defendants impaired in this case. Defendants do not address this issue in their motion for summary judgment.

Ordinarily, I would request supplemental briefing on a point that needed development in the context of summary judgment. *See* Fed. R. Civ. P. 56(f). But because Paracha has yet to file his opposition, I will direct the parties to address the issue in their outstanding briefs. Paracha should address this point in his brief in opposition to the motion, and defendants should respond in their reply brief.

ORDER

IT IS ORDERED that:

1. Plaintiff Umar Paracha's motion to stay this action, Dkt. 29, is DENIED.

2. Plaintiff is directed to file his overdue opposition to defendants' motion for summary judgment by November 13, 2015. If plaintiff fails to meet this deadline, then I will dismiss this case, with prejudice and with costs, for his failure to prosecute it.

3. The parties are to address the question of whether plaintiff's claim is deficient because it does involve a "contractual relationship" that defendants have impaired.

Entered November 4, 2015.

                            BY THE COURT:

                            /s/

                            _____
                            JAMES D. PETERSON
                            District Judge