IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UMAR PARACHA,

       Plaintiff,

v.

CITY OF WISCONSIN DELLS,
ERIC HELLAND,
BRET ANDERSON,
MICHAEL HORKAN, and
BRIAN LANDERS,

       Defendants.

OPINION & ORDER

14-cv-524-jdp

---

  In this civil action under 42 U.S.C. § 1981, plaintiff Umar Paracha alleges that defendants—Wisconsin Dells and four of its city officials—discriminated against him because of his race. But § 1981 provides a remedy only to plaintiffs whose contractual rights have been impaired. Here, the contractual relationships that Paracha has identified provided rights to companies that Paracha owned, rather than to Paracha himself. Thus, Paracha cannot succeed on his § 1981 claims, regardless of whether any discrimination actually occurred. Although Paracha has moved to amend his pleadings, his proposed amended complaint would not cure this foundational deficiency. The court will therefore deny Paracha's motion to amend and enter summary judgment for defendants.

UNDISPUTED FACTS

  Except where otherwise indicated, the following facts are undisputed.

  Paracha is of Pakistani descent, and his discrimination claims arise from his indirect ownership and operation of a resort hotel located in Wisconsin Dells, Wisconsin. Paracha

initially alleged that a Wisconsin limited liability company called Dells Island Resort, LLC owned the hotel. But the Wisconsin Department of Financial Institutions has no record of any such company. The parties now agree that Dells Estate, LLC owned the hotel and that Paracha was the company's sole member.[1]

The details of the hotel's ownership and operation are mostly irrelevant to the issues in this case. What matters is that Paracha did not directly own or operate the hotel; he used several limited liability companies to do so. Paracha organized Dells Estate in 2008, to purchase the hotel. At the same time, Paracha also organized Resort Hospitality, LLC, which leased the hotel from Dells Estate and was responsible for operating it as a business. During 2009, the first year of the hotel's operation, Resort Hospitality contracted with a third-party management company to run the hotel. But according to Paracha, the third-party company did not pay its bills, and so Resort Hospitality re-took responsibility for managing the hotel. In 2010, Resort Hospitality subleased the hotel to a different third-party company. But the hotel closed in August 2010, allegedly because of the defendants' discriminatory conduct. By that time, Resort Hospitality had filed for bankruptcy.

The alleged discrimination is also irrelevant to the court's summary judgment determination, and so disputes about what happened and whether defendants discriminated against Paracha are immaterial at this point. According to the complaint, defendants' discriminatory acts occurred in 2009 and 2010, after Paracha fired the first management

---

[1] In responding to defendants' proposed findings of fact, Paracha admitted that Dells Estate, LLC owned the hotel during the relevant events of this case. Dkt. 33. But for some unexplained reason, Paracha's proposed amended complaint—which was filed after his response to defendants' proposed findings of fact—continued to allege that Dells Island Resort, LLC owned the hotel. *See* Dkt. 42-1.

company. Paracha alleges that defendants learned of his race from local newspaper articles covering the management transition. The complaint alleges that defendants:

- called the hotel's liquor suppliers and told them, falsely, that the city might not renew the hotel's liquor license because of failure to pay utility bills;

- threatened to sell the hotel's liquor license to someone else for less than the value of the license;

- commenced a police investigation without any reason to do so and in an attempt to shut down the hotel;

- threatened to revoke the hotel's liquor license for not paying utilities or taxes and demanded $286,000, even though the hotel owed only $126,000;

- regularly came to the hotel and told employees that the hotel would be shut down and that no liquor sales would be allowed at the bar; and

- improperly investigated and falsely accused the hotel of removing its electrical meter box to avoid paying for electricity.

Dkt. 1, ¶¶ 17-31. Defendants deny that these events occurred or that they discriminated against Paracha. *See* Dkt. 10.

Paracha filed a complaint in this court under § 1981. Dkt. 1. Defendants have now moved for summary judgment. Dkt. 24. The court summarized the parties' "disjointed summary judgment presentations" in an earlier order. Dkt. 40. But at this point, the relevant aspect of this case's procedural history is that the court directed Paracha to identify the specific contractual relationships that defendants unlawfully impaired, which is a required element for a claim under § 1981. Dkt. 31, at 7.

The court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, because Paracha's claims arise under federal law.

ANALYSIS

Summary judgment is appropriate if a moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To avoid summary judgment, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* A party may not simply rely on the allegations in its pleadings to create such a dispute, but must "demonstrate that the record, taken as a whole, could permit a rational finder of fact to rule in [its] favor." *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).

Rule 56(f) permits the court to enter summary judgment on grounds that the moving party does not raise, provided that the court gives the parties notice and a reasonable time to respond. In an order setting briefing on defendants' motion for summary judgment, the court explained that Paracha's claims under § 1981 required him to identify an impaired contractual relationship under which he had rights. Dkt. 31, at 7. This order provided notice of the grounds on which the court will now enter summary judgment, and it gave Paracha a reasonable time to respond. *See Jones v. City of Elkhart*, 737 F.3d 1107, 1117 (7th Cir. 2013) ("The court provided the litigants with notice of the issue and an opportunity to brief it; that is all that the Federal Rules require it to do in granting summary judgment for an issue not raised by the initial summary judgment brief.").

After reviewing the undisputed facts of this case, the court concludes that defendants are entitled to summary judgment because Paracha has failed to allege or adduce evidence of an impaired contractual relationship under which he had rights. The contractual relationships

4

that Paracha has identified afforded rights only to Dells Estate or to Resort Hospitality. But under existing Supreme Court precedent, Paracha cannot base his personal § 1981 claims on the impairment of his companies' contractual rights.

The Supreme Court's holding in *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470 (2006), directs the result here.[2] The plaintiff in that case was the sole shareholder and president of a corporation that contracted with Domino's Pizza to construct four restaurants. 546 U.S. at 472. But the companies' relationship deteriorated after the plaintiff's company completed the first restaurant. *Id.* The resulting financial hardships forced the plaintiff's company into bankruptcy. *Id.* at 473. The plaintiff, in his individual capacity, filed suit against Domino's Pizza under § 1981. *Id.* The plaintiff alleged that Domino's Pizza had discriminated against him because of his race and that he had personally suffered monetary damages, pain and suffering, emotional distress, and humiliation because of Domino's Pizza's refusal to perform its obligations under the contracts with the plaintiff's company. *Id.*

The Supreme Court concluded that the district court had properly dismissed the plaintiff's complaint. *Id.* at 480. The Court observed that

> [a]ny claim brought under § 1981 . . . must initially identify an impaired "contractual relationship," § 1981(b), under which the plaintiff has rights. . . . Absent the requirement that the plaintiff himself must have rights under the contractual relationship, § 1981 would become a strange remedial provision designed to fight racial animus in all of its noxious forms, but only if the animus and the hurt it produced were somehow connected to *somebody's* contract. We have never read the statute in this unbounded—or rather, *peculiarly* bounded—way.

---

[2] The court cited *Domino's Pizza* in its order instructing Paracha to identify an impaired contractual relationship under which he had rights, so he cannot claim to be unaware of the precedent. *See* Dkt. 31, at 7.

5

*Id.* at 476 (original emphasis). The dispositive fact in the Court's analysis was that the plaintiff had not identified a contractual relationship under which *he* had rights, only relationships under which his *company* had rights. *Id.* at 477. As the Court explained, "it is fundamental corporation and agency law—indeed, it can be said to be the whole purpose of corporation and agency law—that the shareholder and contracting officer of a corporation has no rights and is exposed to no liability under the corporation's contracts." *Id.* The fact that the plaintiff had negotiated, signed, performed, and sought to enforce his company's contracts did not change the Court's holding. *Id.*

In this case, *Domino's Pizza* entitles defendants to summary judgment on Paracha's § 1981 claims. When the court flagged the issue of missing contractual rights that defendants' conduct impaired, Paracha responded by listing paragraphs in his complaint that, according to him, allege an impaired contractual relationship. *See* Dkt. 41, ¶ 10 (citing Dkt. 1, ¶¶ 14, 17, 19, 21, 23, 27, 40, 41). But none of these paragraphs allege contracts to which Paracha was a party or under which Paracha had rights; they identify only contractual relationships that Paracha's *companies* had.

For example, a central allegation in this case is that defendants wrongfully refused to renew the hotel's liquor license, or at least wrongfully told others that they were not going to renew the license. *See* Dkt. 1, ¶¶ 17, 19, 21, 41. But the exhibits that Paracha attached to his complaint—and resubmitted with his opposition to defendants' motion for summary judgment—confirm that this was Resort Hospitality's liquor license, not Paracha's. *See* Dkt. 32-6, at 11-14. Indeed, Resort Hospitality listed the license as an asset during its bankruptcy proceedings. Dkt. 28-13, at 6. Another allegation in this case is that defendants incorrectly accused the hotel of stealing electricity and wrongfully disconnected the hotel's

utilities. *See* Dkt. 1, ¶¶ 23, 27, 40. But again, these accounts were in Resort Hospitality's name, not Paracha's. Dkt. 32-6, at 6-7, 13-14, 23-26.

The court afforded Paracha two opportunities to identify an impaired contractual relationship under which he had rights. Dkt. 37 and Dkt. 40. Paracha failed to do so, and he therefore cannot pursue § 1981 claims against defendants. Because this conclusion entitles defendants to summary judgment, the court will not address the arguments that they raised in their motion. And because Paracha's proposed amended complaint would not fix the foundational deficiency in his § 1981 claims, the court will deny Paracha's motion to amend.

ORDER

IT IS ORDERED that:

1. Defendants City of Wisconsin Dells, Eric Helland, Bret Anderson, Michael Horkan, and Brian Landers's motion for summary judgment, Dkt. 24, is GRANTED for the reasons explained in this opinion.

2. Plaintiff Umar Paracha's motion for leave to file an amended complaint, Dkt. 42, is DENIED.

3. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered December 18, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge